USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CARYL HULL LEAVITT, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

ALNYLAM PHARMACEUTICALS, INC., JOHN M. MARAGANORE, and MANMEET S. SONI,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM ENDORSED**

Civil Action
No. 18-cv-8845-GHW

### STIPULATION AND [~~PROPOSED~~] ORDER TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(A)

Plaintiff Caryl Hull Leavitt and Defendants Alnylam Pharmaceuticals, Inc., John M. Maraganore, and Manmeet S. Soni (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on September 26, 2018, Plaintiff filed the above-captioned securities fraud class action (ECF No. 1);

WHEREAS the Parties have conferred and agree that this case should be transferred to the District of Massachusetts for at least the following reasons:

1. Plaintiff is a resident of Massachusetts, the individual Defendants are residents of Massachusetts, and Alnylam is a Delaware corporation with its corporate headquarters in Cambridge, Massachusetts;

2. the above-captioned action might have been brought in the District of Massachusetts under 28 U.S.C. § 1391(b)(1); and

3. the Parties agree that transferring this case to the District of Massachusetts is in the interest of the convenience of Parties and witnesses, likely all of whom are located in Massachusetts. Moreover, transfer to the District of Massachusetts is consistent with the efficient use of judicial resources, as the District of Massachusetts has a lower caseload per judgeship than the Southern District of New York (as of September 30, 2018, the Southern District of New York had a caseload of approximately 660 cases per judgeship, while the District of Massachusetts had a caseload of approximately 500 cases per judgeship). *See* Federal Court Management Statistics -- Profiles (Sept. 30, 2018), *available at* http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2018.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and respectfully requested, by and among the undersigned counsel for the respective Parties, subject to approval of the Court, that pursuant to 28 U.S.C. § 1404, the above-captioned matter be transferred to the District of Massachusetts.

Dated: November 20, 2018
New York, New York

_____
J. Alexander Hood II
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
(646) 581-9966
ahood@pomlaw.com

*Counsel for Plaintiff*
*Caryl Hull Leavitt*

_____
Scott D. Musoff
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
scott.musoff@skadden.com

Alisha Q. Nanda
Marley Ann Brumme
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800

alisha.nanda@skadden.com
marley.brumme@skadden.com

*Counsel for Defendants*
*Alnylam Pharmaceuticals Inc., John M.*
*Maraganore, and Manmeet S. Soni*

**IT IS SO ORDERED.**

Dated: _____November 20_, 2018

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE