## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARYL HULL LEAVITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                                   Plaintiff,<br><br>             vs.<br><br>ALNYLAM PHARMACEUTICALS, INC., JOHN M. MARAGANORE, and MANMEET S. SONI,<br><br>                                   Defendants. | No. 1:18-CV-12433-NMG<br><br><u>CLASS ACTION</u> |

### MEMORANDUM OF LAW IN SUPPORT OF TUNC TOKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Tunc Toker respectfully submits this memorandum of law in support of his motion for:

(a)     appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Berman Tabacco as Liaison Counsel for the proposed Class.

### PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action brought on behalf of all persons or entities (the "Class") who purchased the securities of Alnylam Pharmaceuticals, Inc. ("Alnylam" or the "Company") between February 15, 2018 and September 12, 2018, both dates inclusive (the "Class Period"), against Defendants for their alleged violations of the Exchange Act.

Under the PSLRA, class action complaints asserting violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action on

1

behalf of the proposed class (the "Lead Plaintiff"). The presumptive Lead Plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Mr. Toker satisfies these requirements and should be appointed Lead Plaintiff. First, Mr. Toker lost $89,686 on his purchases of Alnylam securities during the Class Period. Mr. Toker believes that his loss is the largest financial loss in the action and his substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. Toker satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Toker has selected experienced and qualified counsel that can adequately represent the Class.

Accordingly, Mr. Toker respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard as Lead Counsel and Berman Tabacco as Liaison Counsel.

## SUMMARY OF THE COMPLAINT

Alnylam is a biopharmaceutical company that discovers, develops, and commercializes novel therapeutics based on RNA interference (RNAi).

The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Alnylam overstated the efficacy and safety of its Onpattro (patisiran) lipid complex injection; and (2) as a result, Alnylam's public statements were materially false and misleading at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

On September 12, 2018, *Nomura/Instinet* analyst Christopher Marai stated that a review document released by the U.S. Food and Drug Administration's ("FDA") Center for Drug Evaluation and Research "highlights greater risk" with respect to certain trials of Alnylams' ONPATTRO (patisiran) lipid complex injection, as well as "a limited market opportunity in TTRcardiomyopathy, and a potential platform safety risk." Specifically, Marai asserted that "[t]he document highlights FDA reviewers' concerns over cardiac deaths in patients treated with ONPATTRO and suggests that the drug should be limited to patients with polyneuropathy only *(i.e.*, not patients with cardiac manifestations and polyneuropathy). Furthermore, we believe some comments on the lack of cardiac efficacy call into question claims made by [Alnylam] in this regard."

On this news, Alnylam stock fell $5.60 per share, or over 5%, from its previous closing price to close at $94.75 per share on September 12, 2018, damaging investors.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT MR. TOKER AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class

members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)     has either filed the complaint or made a motion in response to an Early Notice;

ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Toker meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**B.      Mr. Toker is the Most Adequate Plaintiff**

Mr. Toker respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Mr. Toker's Motion is Timely

On September 26, 2018, the Early Notice was published via *Globe Newswire*. *See* Declaration of Leslie R. Stern ("Stern Decl."), Ex. A; *City of Bristol Pension Fund v. Vertex Pharm.*, 2012 WL 6681907, at *3 (D. Mass. Dec. 21, 2012) ("Plaintiff has also complied with the notice requirement. On September 6, 2012, plaintiff published notice of the pendency of this action on *Globe Newswire,* a national, business-oriented newswire service."). Accordingly, putative class members had until November 26, 2018 to file their Lead Plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Mr. Toker has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Stern Decl., Ex. B. Accordingly, Mr. Toker satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Mr. Toker Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Toker suffered losses of $89,686 in connection with his purchases of Alnylam securities during the Class Period. *See* Stern Decl., Ex. C. Mr. Toker is not aware of any other movant that has suffered greater losses in Alnylam securities during the Class Period. Accordingly, Mr. Toker has the largest financial interest in this litigation.

### 3.      Mr. Toker Satisfies the Requirements of Fed. R. Civ. P. 23

"'The [initial] determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23 should be confined to determining whether the movant has made a <u>prima facie</u> showing of typicality and adequacy.'" *Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 446 (D. Mass. 2018) (internal citation omitted).  Mr. Toker satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *See Arkansas Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) ("At this stage, the [movant] need only make a <u>prima facie</u> showing of typicality and adequacy.").

### (a)      Mr. Toker's Claims Are Typical of Those of the Class

"'[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differs from that upon which the claims of other class members will perforce be based.'" *Garbowski*, 302 F. Supp. 3d at 446 (internal citation omitted).

Mr. Toker's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Toker as to all members of the Class.  Since Mr. Toker's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### (b)   Mr. Toker Will Fairly and Adequately Protect the Interests of the Class

"In assessing adequacy at this stage, the court must also consider whether the proposed lead plaintiff 'has the ability and incentive to represent the claims of the class vigorously, [whether he] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Garbowski*, 302 F. Supp. 3d at 446–47 (internal citation omitted).

Mr. Toker is an adequate Lead Plaintiff.  Mr. Toker and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Toker's significant financial stake in the litigation, Class members can be assured that Mr. Toker has the incentive to vigorously prosecute the claims.

Additionally, Mr. Toker has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class.  As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## II.   THE COURT SHOULD APPROVE MR. TOKER'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Stern Decl., Ex. D

(Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, Berman Tabacco maintains offices in this District, has extensive securities class action experience, and employs lawyers admitted to practice in this District. *See* Stern Decl., Ex. E (Firm Résumé of Berman Tabacco). Accordingly, Berman Tabacco "has the requisite experience to serve in the (largely administrative) role of Liaison Counsel." *Soto v. Hensler*, 235 F. Supp. 3d 607, 624 (D. Del. 2017) (citing *KBC Asset Mgmt. NV ex rel. Chemed Corp. v. McNamara*, 78 F.Supp.3d 599, 607 n.8 (D. Del. 2015) (discussing role and duties of Liaison Counsel).

## CONCLUSION

For the foregoing reasons, Mr. Toker respectfully requests that this Court: (1) appoint him as Lead Plaintiff of this action, and all subsequently-filed, related actions; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and Berman Tabacco as Liaison Counsel for the proposed Class.

Dated: November 26, 2018

Respectfully submitted,

**BERMAN TABACCO**

*/s/ Leslie R. Stern*
Leslie R. Stern (BBO #631201)
1 Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email:  lstern@bermantabacco.com

*Proposed Liaison Counsel for the Proposed
Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Daniel Sadeh
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
           lhasson@bernlieb.com
           dsadeh@bernlieb.com

*Counsel for Tunc Toker and Proposed Lead
Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Leslie R. Stern, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 26, 2018.


Dated: November 26, 2018                              */s/ Leslie R. Stern*
                                                      Leslie R. Stern (BBO #631201)