UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARYL HULL LEAVITT, individually and on behalf of all others similarly situated, :

Plaintiff,

v.

ALNYLAM PHARMACEUTICALS, INC., JOHN M. MARAGANORE, MANMEET S. SONI, YVONNE L. GREENSTREET, AKSHAY K. VAISHNAW, and BARRY GREENE,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action
No. 18-12433-NMG

**ORAL ARGUMENT REQUESTED**

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM ORDER OF DISMISSAL

Dated: April 17, 2020

James R. Carroll
Michael S. Hines
Alisha Q. Nanda
Marley Ann Brumme
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800

*Counsel for Defendants
Alnylam Pharmaceuticals, Inc.,
John M. Maraganore, Manmeet S. Soni,
Yvonne L. Greenstreet, Akshay K. Vaishnaw,
and Barry Greene*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

PROCEDURAL BACKGROUND..................................................................................3

    A.    Plaintiff Had More Than Ample Time To Investigate Its Case..............................3

    B.    The Court Dismissed Plaintiff's Claims Without Prejudice....................................4

    C.    Defendants Attempted To Resolve This
        Dispute Without The Intervention Of The Court......................................................4

ARGUMENT....................................................................................................................5

I.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THERE IS NO
     BASIS TO ASSERT THAT THE DISMISSAL ORDER WAS A "MISTAKE" ...............5

II.   PLAINTIFF'S MOTION SHOULD BE DENIED
     FOR THE ADDITIONAL REASON THAT IT DOES NOT
     PROPERLY SEEK LEAVE TO AMEND, AND THE LENGTHY
     PROPOSED SCHEDULE IS PATENTLY UNJUSTIFIED..............................................7

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acevedo–Villalobos v. Hernandez*,
    22 F.3d 384 (1st Cir. 1994) ....................................................................................... 6

*Aponte-Torres v. University of Puerto Rico*,
    445 F.3d 50 (1st Cir. 2006) ........................................................................................ 7

*Ardito v. Department of Treasury*,
    No. 12-12108-LTS, 2014 WL 458169 (D. Mass. Feb. 3, 2014) ................................. 6

*Carter v. Sirius XM Radio Inc.*,
    No. 12-12182-NMG, 2013 WL 4781594 (D. Mass. Sept. 4, 2013) ....................... 2, 6

*In re Cisco Systems Inc. Securities Litigation*,
    No. C 11-1568 SBA, 2013 WL 1636384 (N.D. Cal. Apr. 16, 2013) ..................... 8, 9

*McNamara v. Pre-Paid Legal Services, Inc.*,
    189 F. App'x 702 (10th Cir. 2006) ............................................................................. 7

*Mirpuri v. ACT Manufacturing, Inc.*,
    212 F.3d 624 (1st Cir. 2000) ............................................................................. 2, 5, 6, 7

*Twohy v. First National Bank*,
    758 F.2d 1185 (7th Cir. 1985) ................................................................................... 7

**STATUTES**

15 U.S.C. §§ 78u-4, 78u-5 ................................................................................................. 1

Defendants respectfully submit this Opposition to Plaintiff's Motion for Relief from the Court's March 23, 2020 Order of Dismissal (ECF No. 72; the "Motion").

## PRELIMINARY STATEMENT

This case -- alleging violations of the federal securities laws -- was filed nearly *19 months* ago. Nevertheless, through a meritless Rule 60 motion asserting a "clerical error or mistake" in the dismissal of the case, Plaintiff now seeks *at least an additional 90 days* (and likely more) from the dismissal of its Amended Complaint to file a third complaint. Enough is enough: if Plaintiff believes it has a good faith basis to state a claim, it should file a proper motion seeking leave to amend (and attaching the proposed amendment) consistent with the Federal Rules of Civil Procedure and this Court's precedent. Plaintiff's obvious and inappropriate delay tactic, seeking additional time to fish for a claim that it was unable to discover in the previous 19 months, should be rejected. The time to investigate a claim was before the Amended Complaint was filed, not after it has been dismissed.

\*      \*      \*

In its March 23, 2020 Memorandum and Order (ECF No. 70; the "Opinion"), the Court dismissed Plaintiff's Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5 ("PSLRA"). The Court's dismissal was without prejudice, and the Court contemporaneously entered an Order Dismissing Case (ECF No. 71; the "Dismissal Order").

Plaintiff now moves pursuant to Rule 60(b) for relief from the Dismissal Order, asking that the Court ignore the dismissal of the case and enter a proposed schedule permitting Plaintiff an additional 60 days from the Court's ruling on *this Motion* to file a third complaint (*i.e.*, 60 days from an undetermined date in the future). While Plaintiff's Motion devotes a

majority of its discussion to arguments aimed at justifying this proposed schedule, Plaintiff obscures the threshold issue presented by the Motion: whether Plaintiff is entitled to simply file a third complaint without even seeking leave from the Court or attaching a proposed copy. It is not, and the Motion should be denied.

*First*, Plaintiff's unsupported assertion that the Order was a "clerical error or mistake" makes no sense. Contrary to Plaintiff's arguments, the Court's Opinion dismissing the case without prejudice and the statement that the Court will afford Plaintiff "one last chance to amend" does not mean that Plaintiff has a categorial right to file a further amended complaint. Rather, in this Circuit "the phrase 'without prejudice,' when attached to a dismissal order, is not be read as an invitation to amend . . . . If leave to amend is contemplated, we require an express judicial statement to that effect . . . ." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000) (citation omitted). Nor is the Court's notation that Plaintiff would be afforded "one last chance" to amend, if Plaintiff chooses to amend, the requisite express judicial statement to so amend, particularly where -- as here -- no schedule for such a filing was provided by the Court. *See, e.g.*, *Carter v. Sirius XM Radio Inc.*, No. 12-12182-NMG, 2013 WL 4781594, at *2 (D. Mass. Sept. 4, 2013) (providing a schedule for the filing of an amended complaint following a dismissal without prejudice). Respectfully, the Court's Opinion should not be read as excusing Plaintiff from following the established procedures in this Circuit for seeking leave to file a particular amended complaint.

*Second*, relying on its conclusion that it has the "right" to amend without submitting the proposed amendment, Plaintiff asks the Court to enter a schedule allowing it 60 *additional days* after the Court decides *this* Motion to file a third complaint. Plaintiff's proposed schedule for filing a third pleading is unreasonable on its face. Ten months ago, this Court

2

rejected Plaintiff's request for 60 days to file its first amended complaint from a date certain, observing that it was "concerned that this case was filed in [September] 2018," and allowed Plaintiff less than 30 days to make that filing. (ECF No. 45.) So too here, Plaintiff's request to file a further amended complaint 60 days from an undetermined date in the future should be rejected.

## PROCEDURAL BACKGROUND

### A. Plaintiff Had More Than Ample Time To Investigate Its Case

This case has now been lingering for nearly nineteen months:

- **September 26, 2018:** the Complaint was filed in the Southern District of New York, alleging violations of the Securities Exchange Act of 1934 and associated rules and regulations (ECF No. 1);

- **November 21, 2018:** by Stipulation and Order, this case was transferred from the Southern District of New York to this Court (ECF No. 15);

- **November 26, 2018:** Plaintiff and its counsel moved this Court for appointment and approval as lead plaintiff and lead counsel, respectively (ECF Nos. 17-19);

- **May 8, 2019:** Plaintiff and its counsel were appointed and approved as lead plaintiff and lead counsel, respectively (ECF Nos. 40-41);

- **June 6, 2019:** the Court *denied* a request permitting Plaintiff 60 days to file an amended complaint, observing that "the Court is concerned that this case was filed in [September], 2018" (ECF No. 45);

- **July 3, 2019:** Plaintiff filed the Amended Complaint (ECF No. 47);

- **July 31, 2019:** Defendants moved to dismiss the Amended Complaint (ECF Nos. 59-61);

- **September 30, 2019:** briefing was completed on Defendants' Motion to Dismiss (ECF No. 67); and

- **March 23, 2020:** the Court entered the Opinion (ECF No. 70) and Dismissal Order (ECF No. 71).

3

### B. The Court Dismissed Plaintiff's Claims Without Prejudice

On March 23, 2020, the Court dismissed the Amended Complaint pursuant to Rules 9(b) and 12(b)(6) and the PSLRA. (ECF No. 70.) In so doing, the Court held that, notwithstanding the 110-page Amended Complaint's prolixity and the inclusion of nearly 40 allegedly false or misleading statements, Plaintiff failed to allege any actionable misstatement or omission by Defendants. (*Id.* at 9-19.) The Court also found that Plaintiff failed to raise a strong inference of scienter as required by the PSLRA, an independently dispositive grounds for dismissal. (*Id.* at 19-24.) The Court ordered that the dismissal be without prejudice, noting that it would afford Plaintiff "one last chance" to further amend. (*Id.* at 24-25.) It did not, however, expressly grant Plaintiff unlimited leave to do so, nor did the Court provide a date for the filing of any further amended complaint. (*See generally* Opinion.)

Concurrently, the Court entered the Dismissal Order, terminating the case. (ECF No. 71.)

### C. Defendants Attempted To Resolve This Dispute Without The Intervention Of The Court

Though the Court's Opinion and Order were entered on March 23, 2020, Plaintiff waited until March 31 to contact Defendants about filing a further amended complaint, assuming that it could do so and seeking Defendants' consent to a schedule allowing it 60 days following the Court's entry of a joint stipulation to that effect.

Counsel for the parties met-and-conferred telephonically on both April 6, 2020, and April 8, 2020. On the latter call, Plaintiff's counsel noted that it intended to file a motion pursuant to Rule 60 seeking the proposed schedule that is the subject of this Motion, and sought Defendants' joinder or consent to the motion. On April 8 and April 9, 2020, Defendants indicated that they believed Plaintiff would be required to seek leave to amend with respect to

4

any Rule 60 motion, and requested that Plaintiff provide their proposed second amended complaint to them -- and the Court -- so that they could fully consider their position with respect to Plaintiff's proposed motion.

Plaintiff did not respond to Defendants' request. Instead, on April 13, 2020 -- twenty-one days after the Court's Opinion and Dismissal Order -- it filed the present Motion without attaching a proposed further amended complaint or even stating what may be different about it. Plaintiff seeks another 60 days after the Court decides this Motion to file another amended complaint, citing interruptions from COVID-19 to its "investigative process." (Motion at 2.) As described below, such "investigative process" should have occurred more than a year ago, when Plaintiff sought lead plaintiff appointment.

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THERE IS NO BASIS TO ASSERT THAT THE DISMISSAL ORDER WAS A "MISTAKE"

Relying exclusively on Rule 60(b)(1), Plaintiff argues that the Dismissal Order was "an inadvertent clerical error or mistake." (Motion at 2.) But it is Plaintiff that is mistaken.

*First*, Plaintiff's assertion that the Dismissal Order was a mistake because it "was only signed by the Deputy Clerk and not the Judge" is disrespectful to the Deputy Clerk. (Motion at 1.) Plaintiff's suggestion that Mr. Vieria took action to enter the Dismissal Order due to the "great disruption caused by the coronavirus pandemic" is mere speculation.

*Second*, equally unavailing is Plaintiff's assertion that because the Court's Opinion notes that the Court would afford it a "chance to amend," the Order dismissing the case must have been a mistake. (Motion at 1-2.) Plaintiff is wrong as a matter of law. In *Mirpuri*, the First Circuit unambiguously held that dismissal without prejudice does *not* automatically confer a right or leave to amend:

5

> In this circuit, the phrase 'without prejudice,' when attached to a dismissal order, is ***not to be read as an invitation to amend***, but rather as a **signification that the judgment does not preclude a subsequent lawsuit** on the same cause of action either in the rendering court or in some other forum. If leave to amend is contemplated, we require an express judicial statement to that effect . . . .

212 F.3d at 628 (emphasis added) (citations omitted); *see also Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994). Plaintiff itself cites *Mirpuri*, but selectively omits most of this critical language from the court's holding.

Instead, Plaintiff misconstrues the Opinion to argue that the Court did provide *Mirpuri's* "express judicial statement" giving leave to amend -- or, as Plaintiff puts it, a "right"-- relying on the Court's notation that Plaintiff would be afforded the "chance" to do so. (Motion at 3-4.) Defendants submit that had this Court intended to expressly grant Plaintiff broad leave to further amend, it would have expressly given Plaintiff leave to amend and set a schedule for the filing of a second amended complaint. *Compare* ECF No. 70 ("Order: In accordance with the foregoing, the defendants' motion to dismiss (Docket No. 59) is ALLOWED and the Amended Complaint is dismissed without prejudice."), *with Carter*, 2013 WL 4781594, at *2 ("Order[:] In accordance with the foregoing, 1) defendant's motion to strike (Docket No. 12) is ALLOWED; 2) defendant's motion to dismiss (Docket No. 9) is ALLOWED and the complaint is dismissed without prejudice; and 3) plaintiff shall file his amended complaint, if any, on or before Friday, October 4, 2013." (emphasis omitted)).[1]

Accordingly, to the extent Plaintiff wishes to make further allegations, dismissal of the earlier Amended Complaint without prejudice and the Dismissal Order afford it two

---

[1] Further, in this District, the Court has required that plaintiffs still file a motion for leave, notwithstanding the express judicial statement that leave is contemplated. *E.g.*, *Ardito v. Dep't of Treasury*, No. 12-12108-LTS, 2014 WL 458169, at *4 (D. Mass. Feb. 3, 2014) (dismissing complaint without prejudice and stating that plaintiff may file for leave to amend within 14 days).

6

options: (i) seek leave to amend (attaching the proposed amendment); or (ii) file a new action "on the same cause of action either in the rendering court or in some other forum." *Mirpuri*, 212 F.3d at 628. Plaintiff has done neither, and should not be permitted to leisurely file a second amended complaint without following either of those well-established procedures.

## II. PLAINTIFF'S MOTION SHOULD BE DENIED FOR THE ADDITIONAL REASON THAT IT DOES NOT PROPERLY SEEK LEAVE TO AMEND, AND THE LENGTHY PROPOSED SCHEDULE IS PATENTLY UNJUSTIFIED

*First*, to the extent the Court construes Plaintiff's Motion as one seeking leave to amend, Plaintiff has failed to provide its proposed amended complaint or to even indicate how it plans to amend its prior deficient pleading. That is inadequate: "[b]are request[s]" for leave to amend, without supporting information such as a preview of additional facts or legal claims that might be included in an amended pleading is, "in and of itself . . . a sufficient reason for the denial of leave to amend." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). Indeed, courts have acknowledged that the "normal procedure" is "for the proposed amendment or new pleading to be submitted with the . . . motion." *Id.* (ellipsis in original) (quoting *Twohy v. First Nat'l Bank*, 758 F.2d 1185, 1197 (7th Cir. 1985)). That Plaintiff's Motion is styled under Rule 60(b), and not as an express motion for leave to amend under Rule 15, does not obviate the requirement that it attach its proposed amendment for the Court's consideration. *E.g.*, *McNamara v. Pre-Paid Legal Servs., Inc.*, 189 F. App'x 702, 719 (10th Cir. 2006) (affirming denial of Rule 60(b) motion substantively seeking amendment and judgment dismissing case in part for failure to identify proposed edits). The same result is warranted here.

*Second*, Plaintiff's proposed schedule of 60 days from the date the Court decides this Motion to file a further amended complaint is unreasonable on its face. Even if the Court were to decide this Motion *today* with no additional time for consideration, Plaintiff would give

7

themselves approximately 90 days from the date of the Opinion and Dismissal Order to file a further amended complaint: approximately 30 days from the Opinion and Dismissal Order for this Motion to be briefed plus another 60 days for filing. This is manifestly unreasonable, particularly in light of the Court's previously expressed concern that a prior proposed scheduling order left open the pleadings for nearly a year after the original filing. (ECF No. 45.) Any acknowledgment of that previous order is conspicuously absent from Plaintiff's Motion.

Plaintiff claims its proposed schedule is "warranted," "necessary," and "reasonable" to allow it to continue its "investigative process" and "investigative follow-up" to uncover further facts to plead in any second amended complaint. (Motion at 2.) But in the *19 months* since this case was originally filed, Plaintiff has had more-than-ample opportunity to investigate its claims before this suit was filed, after it was selected as lead plaintiff, and during the eight months that Defendants' motion to dismiss was pending.

Even where much less time had passed since the filing of the original complaint, courts have denied extended requests for time to continue investigations in cases accusing defendants of fraud under the PSLRA. For example, *In re Cisco Sys. Inc. Sec. Litig.*, No. 11-1568 SBA, 2013 WL 1636384, at *1 (N.D. Cal. Apr. 16, 2013) is instructive. There, the plaintiffs sought a 30-day extension beyond the 21 days already granted by the court to file a second amended complaint. *Id.* The plaintiffs argued that the additional time was necessary, among other reasons, so that they could "'renew [their] prior investigation'" in order to cure the defects of their prior complaint. *Id.* (alteration in original).

The court rejected this argument on three main grounds, and denied the plaintiffs' request for a total of 51 days from the date of dismissal to file a second amended complaint:

- *First*, the court held that the plaintiffs "already have had almost a year to investigate their claims" from the end of the proposed class period to the

filing of their amended complaint, and their belief that additional time would yield additional probative evidence was, "at best, wishful thinking." *Id.*

- *Second,* the court held that under Rule 11, plaintiffs "were required to have completed their investigation *before* filing suit, *not after*." *Id.* (emphasis added).

- *Third*, and uniquely germane to a suit alleging violations of the federal securities laws, the court reasoned that the plaintiffs' 51-day proposal would be prejudicial to defendants and antithetical to the goals of and protections to defendants afforded by the PSLRA. *Id.* Allowing the plaintiffs' to "renew" their investigation and further prolong the suit, particularly in light of the ample time the plaintiffs already had to investigate their claims, does not promote the PSLRA's goal of "weed[ing] out meritless lawsuits" sooner rather than later. *Id.* at *2 (citation omitted).

The *Cisco* court's reasoning applies in even fuller force here in light of the longer pendency of this action. This Court should reach the same conclusion and decline to enter Plaintiff's proposed schedule.[2]

---

[2] As justification for its Motion, Plaintiff makes several references to the unfortunate circumstances created by the COVID-19 pandemic. According to Plaintiff, COVID-19 necessitates additional time because the "broad impact of the coronavirus pandemic . . . has impacted Plaintiffs' investigative process." (Motion at 2.) While Defendants are, of course, sensitive to those circumstances, respectfully, Plaintiff misses the point. As discussed, Plaintiff should have completed its *investigation* long before the March 2020 declarations of emergency in the relevant jurisdictions. Notably, Plaintiff does not claim that it needs some modest additional time to draft an amended complaint based on an investigation that is complete, but rather it requests additional time to perform an investigation. With all due respect, that is simply unwarranted. *See Cisco*, 2013 WL 1636384, at *2.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion should be denied in its entirety. Alternatively, because nearly four weeks have already passed since the Court's Order, the Court should afford Plaintiff no more than seven calendar days to file a proper motion seeking leave to amend (and attaching the proposed amendment). Defendants will respond to that motion -- including setting forth any arguments that the proposed amendments are futile -- within the time permitted under the Rules.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument on Plaintiff's Motion.

Dated: April 17, 2020
      Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*
James R. Carroll (BBO# 554426)
Michael S. Hines (BBO# 653943)
Alisha Q. Nanda (BBO# 657266)
Marley Ann Brumme (BBO# 687822)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
michael.hines@skadden.com
alisha.nanda@skadden.com
marley.brumme@skadden.com

*Counsel for Defendants*